Gilberto GERENA–VALENTIN, et al., Plaintiffs,

v.

Edward I. KOCH, et al., Defendants.

No. 81 Civ. 5468 (KTD).

United States District Court, S.D. New York.

Sept. 2, 1983.

Puerto Rican Legal Defense and Education Fund, Inc., New York City, for plaintiffs; Jack John Olivero, Gabe Kaimowitz, New York City, of counsel.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for City defendants; Judith A. Levitt, Susan R. Rosenberg, James F.X. Hiler, New York City, of counsel.

Paul A. Victor, New York City, for defendants Schlein and Friedman.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

On January 10, 1983, I denied by memorandum and order plaintiff's motion for attorneys' fees and granted in part the cross-motion for attorneys' fees of defendants Schlein and Friedman. Pursuant to that Orders and Counter-Orders have been submitted by Valentin, Schlein and Friedman. In addition to submitting a Counter Order for my approval, plaintiff additionally requests that I recuse myself from any further consideration of the attorneys' fees question and that either a different district court judge or the three court panel determine the attorneys' fees issue. Plaintiff also moves pursuant to Fed.R.Civ.P. 60(b)(1) and (6) for relief from my January 10 decision.

■ The threshold question raised by plaintiff is the need for a different district court judge to rule on plaintiff's motion for attorney's fees. Plaintiff's argument, based on the United States Constitution, is that my refusal to award plaintiff counsel fees resulted in a denial of Valentin's due process rights and necessitates recusal. This argument is totally unsupported. My decision to deny Valentin's request for fees was based solely on the record before me (including all documents in the file—docketed or not) and the applicable law and was not tainted by any personal bias. Plaintiff's contentions to the contrary are meritless.

Plaintiff's desire to have another judge determine the counsel fees question is understandable. Similar to all losing litigants, he wants a second bite at the apple. Absent any evidence of personal bias, however, recusal is inappropriate herein and plaintiff's only available recourse is appeal. *See In re International Business Machines Corp.,* 618 F.2d 923 (2d Cir.1980).

■ Plaintiff's Rule 60(b) motion is equally meritless. No evidence justifying relief from my January 10 memorandum and order has been presented. I do not question Judge Neaher's decision in *Andrews v. Koch,* 528 F.Supp. 246 (ERN), to grant counsel fees to Andrews, but his decision is not binding on me nor does it persuade me to reverse my original determination. Accordingly, for the reasons set forth in my January 10 decision, plaintiff's Rule 60(b) motion is denied.

I have reviewed both the Order and Counter-Order submitted to me for approval. Valentin's Counter-Order accurately reflects both the letter of my order and a reasonable amount of attorneys' fees. Thus, the Counter-Order is signed in conjunction with this order.

■ Plaintiff further requests the entry of a final judgment in the consolidated cases of *Herron v. Koch,* 523 F.Supp. 167 (ERN), *Andrews v. Koch,* 528 F.Supp. 246 (ERN), and *Valentin* to afford him an opportunity to appeal. *Valentin* was only consolidated with *Andrews* and *Herron* for the purpose of resolving the section 5 preclearance issue. After the injunction was issued by the three judge panel the cases were returned to their respective judges. Thus, there is no reason to enter a consolidated final judgment.

In sum, plaintiff's motion for recusal, consolidation of judgment and Rule 60(b) relief is denied. The Clerk shall enter a final judgment herein.

SO ORDERED.